# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**DEBRA LEE HUZJAK,**

    **Plaintiff,**

  **v.**                           **Case No. 19-CV-969**

**ACS GUARDIANSHIP SERVICES, et al.,**

    **Defendants.**

---

## ORDER ON MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE AND REPORT AND RECOMMENDATION SCREENING COMPLAINT

---

On July 8, 2019, Debra Lee Huzjak filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against ACS Guardianship Services; the State of Wisconsin Department of Aging and its investigator, Ryan Wilkes; St. Francis Hospital Ascension Healthcare; Milwaukee County Circuit Court Judge Murray; and Steve Peters of Eastshore Properties. (Docket # 1.) Huzjak also files a request for leave to proceed without prepaying the filing fee (*in forma pauperis*). (Docket # 2.) From the financial affidavit Huzjak has given the court, I conclude that she is unable to pay the fees and costs of starting this lawsuit. Thus, I will grant her motion to proceed without prepaying the filing fee. However, because I find that Huzjak's complaint fails to state a claim over which this court would have jurisdiction, I recommend that the complaint be dismissed.

## LEGAL FRAMEWORK

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent

litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed without prepaying the filing fee, the court must make two determinations.

First, the court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). This is done through a review of the litigant's assets as stated on a declaration submitted to the court. *Id.* Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim on which relief may be granted, or does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). An action is frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim are to be reviewed based on the standards set for dismissals under Federal Rule of Civil Procedure Rule 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## ANALYSIS

In her declaration, Huzjak states that she is not married and has no dependents. (Docket # 2 at 1.) She has no income and has between $700.00 and $750.00 in monthly expenses. (*Id.* at 2–3.) Huzjak does not own a home or a vehicle, and has no other property

of value. (*Id.* at 3–4.) Based on the information provided, I am satisfied that Huzjak is indigent for purposes of the *in forma pauperis* statute.

I next turn to the question of whether Huzjak's claim is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Huzjak alleges that on June 5, 2019, the Wisconsin Department of Aging entered her apartment and took her 88-year-old mother into protective custody pursuant to Wisconsin Chapter 55. (Compl. at 3.) Huzjak alleges that her landlords contacted Protective Services "in retaliation because I did not give them money or condone their activities" and that her landlords made numerous threats against her and her mother over the previous months. (*Id.*) Huzjak alleges that Eastshore Properties, who manages her apartment building, has failed to properly maintain the condition of her apartment and that she feared for her mother's health and safety. (*Id.* at 4–5.)

Huzjak alleges that her mother was removed from their apartment and taken to St. Francis Ascension Hospital and placed under a Wisconsin Chapter 55 hold. (*Id.* at 5.) She alleges her mother was administered medical treatment that "affected her heart greatly." (*Id.*) Huzjak alleges that St. Francis would not let her "do anything for [her mother] because of the Chapter 55 hold." (*Id.*) Huzjak was told that a hearing would be held, which occurred on June 27, 2019 before Milwaukee County Circuit Court Judge Murray. (*Id.* at 5–6.) Huzjak alleges that ACS Guardianship Services was given temporary guardianship of her mother and Huzjak's power of attorney for finance and healthcare of her mother was revoked. (*Id.* at 6.)

Huzjak alleges that she requested her mother's medical records, but was told that the records were sealed because of the Chapter 55 hold. (*Id.*) She alleges that Judge Murray did not "let [her] talk or inquire about matters thoroughly" during the June hearing. (*Id.* at 7.) Huzjak alleges that a "final guardianship" hearing is set for August 1, 2019 and that she filed an objection last week. (*Id.*) Huzjak requests the "release of information where my mother is, her medical condition, the report of verification about the condition of my living premises," so that she can "correlate this to proper agencies about the living conditions and crime rapent [sic] here." (*Id.* at 8.) Huzjak also requests that either she or her brother be appointed as power of attorney for her mother. (*Id.*)

It is clear from Huzjak's complaint that the guardianship proceedings for Huzjak's mother are ongoing. Huzjak asserts that a hearing is scheduled for August 1, 2019 and that she has submitted an objection to ACS Guardianship Services' appointment as her mother's guardian. Given the ongoing proceedings in Milwaukee County Circuit Court, I must abstain from interfering under the abstention principle of *Younger v. Harris*, 401 U.S. 37 (1971). The United States Supreme Court has emphasized that "*Younger* . . . and its progeny espouse a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). In *Middlesex*, the Supreme Court explained that under the *Younger* doctrine a district court must abstain from enjoining ongoing state proceedings that "(1) are judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which

would make abstention inappropriate." *Parejko v. Dunn Circuit Court*, 209 Fed. Appx. 545, 546 (7th Cir. 2006) (citing *Middlesex Cty. Ethics Comm.*, 547 U.S. at 437).

Applying *Middlesex*, I must abstain. Guardianship proceedings are judicial in nature and implicate important state interests. *Brand v. Zate*, No. 18-CV-326, 2018 WL 1342484, at *3 (E.D. Wis. Mar. 15, 2018). Further, Huzjak has not alleged any constitutional claims, much less alleged that she is somehow prevented from bringing them during the guardianship proceedings. Although she alleges that Judge Murray did not let her "talk or inquire about matters thoroughly," (Compl. at 7), she also alleges that she was represented by counsel at the June hearing (although she was unhappy with counsel's performance) and was able to file a written objection to the upcoming August guardianship hearing (*id.* at 6–7).

Further, Huzjak's complaint does not fall within any of the recognized exceptions to the *Younger* doctrine. *See Parejko*, 209 Fed. Appx. at 547 (explaining that *Younger* exceptions include circumstance where ongoing state proceedings were motivated by a desire to harass or were being conducted in bad faith, or where the plaintiff has demonstrated an "extraordinarily pressing need for immediate equitable relief"). While it appears Huzjak alleges that her landlords made a false report to Protective Services regarding her mother's welfare in retaliation for Huzjak refusing to give them money or condone their activities (presumably their alleged failure to maintain the condition of the property), she does not assert that the ongoing proceedings in the state court are motivated by bad faith. Thus, *Younger* dictates that I must abstain from interfering with the ongoing guardianship proceedings of Huzjak's mother. For these reasons, the court lacks jurisdiction to hear Huzjak's claims to review her mother's state court guardianship proceedings. Huzjak fails to state a claim over

which this court would have jurisdiction. As such, it is recommended that Huzjak's complaint be dismissed.[1]

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Huzjak's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED** for lack of subject matter jurisdiction and for failure to state a claim.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 9th day of July, 2019.

BY THE COURT

_s/Nancy Joseph_____
NANCY JOSEPH
United States Magistrate Judge

---

[1] Because the defendants have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of Huzjak's complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).